

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2007

# Herman v. Carbon

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2311

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Herman v. Carbon" (2007). *2007 Decisions.* Paper 386.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/386

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2311

MARY ALICE HERMAN

v.

CARBON COUNTY;
ROBERTA BREWSTER, Court Administrator;
WILLIAM O. GUREK; WAYNE NOTHSTEIN;
CHARLES GETZ, County Commissioner

Roberta Brewster,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 04-cv-00614
(Honorable James M. Munley)

Argued April 23, 2007
Before:  SCIRICA, *Chief Judge*, FUENTES and ALARCÓN*, *Circuit Judges*.

(Filed: September 25, 2007)

David M. Donaldson, Esquire (Argued)
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, Pennsylvania 19102
        Attorney for Appellant

_____

    *The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

Donald P. Russo, Esquire (Argued)
117 East Broad Street
P.O. Box 1890
Bethlehem, Pennsylvania 18016
        Attorney for Appellee Mary Alice Herman

---

## OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

In this interlocutory appeal, Court Administrator Roberta Brewster seeks review of the denial of her motion to dismiss a 42 U.S.C. § 1983 action against her on grounds of qualified immunity and failure to state a claim. We will affirm the denial of the motion to dismiss on qualified immunity grounds. But on the failure to state a claim, we find the amended complaint fails to comport with fair notice pleading standards. Therefore, we will vacate the order and remand to allow Jury Clerk Mary Alice Herman to replead her retaliation claim based on her exercise of First Amendment free speech rights.

**I.**

This case stems from the decision to reduce the hours from full to part-time of Herman, the Jury Clerk for the Court of Common Pleas of Carbon County. The President Judge of the Common Pleas Court originally recommended a reduction of Herman's hours to the Jury Selection Commissioners. The Jury Selection Commissioners are the President Judge and two elected Jury Commissioners. The two elected Jury Commissioners voted against the reduction on October 27, 2003. When the President Judge continued to advocate the reduction, the Jury Commissioners spoke to the media.

2

The President Judge then took his case for reduction to the County Commissioners, who sit as the County Salary Board. On December 12, 2003, Herman wrote to the County Commissioners requesting they adhere to the October 27, 2003 vote of the Jury Commissioners. But the County Commissioners voted to approve the President Judge's recommendation to reduce Herman's hours. Herman then sued the County Commissioners, the County, and Brewster, alleging a retaliation claim under 42 U.S.C. § 1983 based on Herman's exercise of her First Amendment free speech rights, as well as additional claims not at issue in this appeal.[1]

Herman contends the reduction of her hours was in retaliation for her support of the elected Jury Selection Commissioners in violation of the First Amendment. Brewster filed a motion to dismiss, arguing failure to state a claim and qualified immunity. The District Court denied her motion to dismiss with respect to the retaliation claim. Brewster appealed the partial dismissal of her motion contending she was entitled to qualified immunity and plaintiff had failed to state a claim.[2]

**II.**

---

[1] Herman's additional claims against Brewster included a claim under the Pennsylvania Whistleblower's statute, 43 Pa. Const. Stat. §§ 1421–28 , a 42 U.S.C. § 1983 claim based on violation of her due process rights under U.S. Const. Amend. XIV § 1, and a claim for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34.

[2] Jurisdiction of this 42 U.S.C. § 1983 suit in federal District Court was based on 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291.

A plaintiff claiming retaliation under the First Amendment must allege: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.,* 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). Qualified immunity protects eligible defendants from liability as well as the additional burdens accompanying a lawsuit, such as discovery and preparing for trial. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). But in order to invoke qualified immunity, a defendant must prove that, viewing the facts in a light most favorable to plaintiff, plaintiff has failed to allege a violation of a clearly established constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201–202 (2001) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."). The District Court found viewing the facts in a light most favorable to Herman, she had pleaded a violation of clearly established law by claiming retaliation in violation of her First Amendment free speech rights. *See Azzaro v. County of Allegheny*, 110 F.3d 968, 975 (3d Cir. 1997) (discussing the contours of a retaliation claim based upon violation of First Amendment rights). We agree. Accordingly, we affirm the District Court's denial of partial immunity.

But Herman's amended complaint suffers from a more fundamental problem. A "complaint must only 'give the defendant fair notice of what the plaintiff's claim is and

4

the grounds upon which it rests.'" *Thomas,* 463 F.3d at 295 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). But to satisfy fair notice, a plaintiff must at minimum state the operative facts underlying the claim. *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998). Herman contends she openly and publicly supported the Jury Commissioners' statements to the media. But Herman does not allege any operative facts. She fails to allege when these open and public expressions took place or the content of these expressions. These allegations are crucial in allowing defendants an opportunity to meaningfully respond. *See Kyle*, 144 F.3d at 455 ("How can the [defendant] determine whether the speech engaged in by the plaintiff was not protected, when they have no idea to what speech, if any, Kyle is referring?"). Herman's amended complaint fails to allege sufficient facts to satisfy fair notice requirements.

It may be possible that Herman can state a valid claim and she should be granted leave to amend. *See* Fed. R. Civ. P. 15(a) ("[L]eave shall be freely given when justice so requires."); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); *Newark Branch, NAACP* v. *Town of Harrison, New Jersey*, 907 F.2d 1408, 1417 (3d Cir. 1990) ("[C]ourts have held that grants for leave to amend complaints should be routinely granted to plaintiffs, even after judgments of dismissal have been entered against them, if the appropriate standard for leave to amend under Fed. R. Civ. P. 15(a) is satisfied.").

**III.**

5

For the foregoing reasons, we will vacate the order and remand to the District Court with directions to allow Herman to replead her claim.